**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael and Kara Wood, | ) | No. CV 06-2969-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Safeco Insurance Company of America, et al., | ) | |
| Defendant. | ) | |

      Presently pending before the Court is Defendant Safeco Insurance Company's ("Safeco") Motion for Leave to File a Supplemental Response to Plaintiffs' Motion to Remand (Doc. 9). Plaintiffs have filed a Response (Doc. 10) and Safeco has filed a Reply (Doc. 12).

      In its Motion, Safeco asserts that Plaintiffs did not "state with particularity" the grounds for their motion as required by Rule 7(b)(1) of the Federal Rules of Civil Procedure, nor did Plaintiffs set forth the "points and authorities relied upon in support of the motion" as required by Local Rule 7.2(b).

      According to Rule 7(b) of the Federal Rules of Civil Procedure, a motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." The

1  rule's "particularity requirement" is designed "to give notice of the basis for the motion to the
2  court and the opposing party so as to avoid prejudice, 'providing that party with a meaningful
3  opportunity to respond and the court with enough information to process the motion
4  correctly.'" Andreas v. Volkswagen of America, Inc., 336 F.3d 789, 793 (8th Cir. 2003); see
5  also Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999)
6  ("By requiring notice to the court and the opposing party of the basis for the motion, Rule
7  7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court
8  can comprehend the basis of the motion and deal with it fairly.'" (quoting 5 Wright & Miller,
9  Federal Practice And Procedure § 1192 at 42 (2d ed.1990)).  Local Rule 7.2(b) requires a
10 moving party to "serve and file with the motion's papers a memorandum setting forth the
11 points and authorities relied upon in support of the motion.

12      Safeco asserts that in Plaintiffs' Motion to Remand the Plaintiffs discussed their bad
13 faith claim against Defendant G&G Insurance Services ("G&G").  Safeco contends that it
14 was not until Plaintiff's Reply to Safeco's Response that Plaintiffs made any reference to a
15 claim for intentional infliction of emotional distress against Defendant G&G.

16      Plaintiffs oppose Safeco's Motion for Leave claiming that Safeco had sufficient
17 opportunity to brief the issue of intentional infliction of emotional distress because the claim
18 was set forth in their original complaint and it was "only withdrawn . . . as to Safeco."

19      Rule 7 of the Federal Rules clearly states that a motion shall state with particularity
20 the grounds upon which the movant seeks relief.  In their Motion to Remand, Plaintiffs cite
21 authority addressing their bad faith claim but do not mention intentional infliction of
22 emotional distress nor cite authority for the claim.  It is not until Plaintiffs' Reply that they
23 include a discussion of intentional infliction of emotional distress.  Therefore, the Court
24 grants Safeco's Motion to File a Supplemental Response to address Plaintiffs' intentional
25 infliction of emotional distress argument.

26      **Accordingly,**

27
28

1  **IT IS ORDERED** that Safeco's Motion for Leave to File a Supplemental Response
2  to Plaintiffs' Motion to Remand (Doc. 9) is granted.  Safeco shall file such Response by
3  March 6, 2007.
4      DATED this 27th day of February, 2007.

          _____
          Mary H. Murguia
          United States District Judge